United States District Court
Southern District of Texas
**ENTERED**
August 14, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| YUNLIANG HAN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-825 |
| | § | |
| WARDEN D.C. COLE *et al.* | § | |

## ORDER

Respondents advised that Petitioner has been removed from the United States (*see* Dkt. No. 6 at 1). Respondents assert this habeas action, challenging his prolonged immigration-related detention, is therefore moot (Dkt. No. 6 at 1). The Court agrees. Finding good cause, the Court hereby **LIFTS** the stay (Dkt. No. 5) and **ENTERS** the following order.

"Mootness is 'the doctrine of standing in a time frame. The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness).'" *Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008) (quoting *Ctr. for Individual Freedom v. Carmouche,* 449 F.3d 655, 661 (5th Cir. 2006)). "If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents." *Id.* (citing *In re Scruggs,* 392 F.3d 124, 128 (5th Cir. 2004)). Essentially, mootness divests the court's subject matter jurisdiction, allowing the court to dismiss a case on its own initiative if jurisdiction is lacking. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *La Union del Pueblo Entero v. Fed. Emergency Mgmt. Agency*, 762 F. Supp. 3d 552, 560 (S.D. Tex. 2024) (Garcia Marmolejo, J.).

In the immigration context, a constitutional challenge to the length of pre-removal detention is mooted by an undocumented alien's removal from the United States. *Francis v. Lynch*, 622 F. App'x 455, 455 (5th Cir. 2015); *Odus v. Ashcroft*, 61 F. App'x 121, 121 (5th Cir. 2003) (unpublished table decision); *Rubio Tercero v. Patterson*, No. 6:26-CV-02495 SEC P, 2026 WL 2175616, at *1 (W.D. La. July 28, 2026). That is the exact scenario as present here; Petitioner solely contested the length of his detention, not his underlying removal order. As he "is no longer detained and has been removed from the United States, his challenge is now moot." *Francis*, 622 F. App'x at 455.

Accordingly, Petitioner's Writ of Habeas Corpus (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See Rubio Tercero*, 2026 WL 2175616, at *1. The Clerk of Court is **DIRECTED** to **TERMINATE** this Civil Action.

It is so **ORDERED**.

**SIGNED** August 14, 2026.

Marina Garcia Marmolejo
United States District Judge